G. W. WHITEHURST v. KERR and WOLCOTT, Receivers N. & S. Ry. Co., the McLEAN CONTRACTING COMPANY, and McDERMOTE CONTRACTING COMPANY.

(Filed 21 September, 1910.)

1. **Foreign Corporations—Process—Statutory Regulations.**

    The Legislature may provide for service of process on foreign corporations doing business within the State, provided the service is reasonable and to be made only upon such agents as are representative, and the provisions of Revisal, section 440, meet with this requirement.

2. **Same—"Local Agent"—Interpretation of Statutes.**

    The proviso of section 440 (1) of the Revisal, "that any person receiving or collecting money within this State for, or on behalf of" a foreign corporation, with respect to service of process, "shall be deemed a local agent," does not limit the meaning of the word agent, but extends its meaning; and service made in this State on the various officers or agents of a foreign corporation enumerated in this section is binding on the corporation, without the requirement that the corporation has property in the State, or the cause of action arose, or the plaintiff resided therein.

3. **Same—Definition.**

    An agent of a foreign corporation upon whom process may be served under the provisions of the Revisal, section 440 (1), must

be one regularly employed, having some charge or measure of control over the business entrusted to him, or of some feature of it, and of sufficient character and rank as to afford reasonable assurance that he will communicate to his company the fact that process has been served on him; and the term agent does not extend to a subordinate employee, without discretion.

4. **Same.**

One who has charge of the funds of a foreign corporation building a railroad bridge in this State, which carries on an enterprise of large proportions, employing large numbers of hands and expending large sums of money, the said agent paying off the hands and keeping the company's money in local banks in his name as its agent, comes within the meaning of the term "local agent," Revisal, section 440 (1), upon whom process on a foreign corporation may be served.

APPEAL from *Ferguson, J.,* at the May Term, 1910, of PAS-QUOTANK.

Civil action instituted in Superior Court Pasquotank County on 15 January, 1910. Return service on the McLean Contracting Company as follows: "Received 26 February, 1910. Served 26 February, 1910, by reading to and leaving a copy with Mr. F. H. Cameron, bookkeeper and acting agent for the above defendant company, the McLean Contracting Company."

At Spring Term, 1910, Superior Court Pasquotank County, before his Honor G. S. Ferguson, Judge, the defendant, the McLean Contracting Company, a special appearance having been entered for the purpose, moved to dismiss the action as to said company for want of proper service. Motion allowed and plaintiff excepted and appealed.

*J. C. B. Ehringhaus, E. F. Aydlett* for plaintiff.
*S. Brown Shepherd* and *Pruden & Pruden* for defendant.

HOKE, J. The power of a State Legislature to provide for service of process on foreign corporations doing business within the State is no longer questioned. Speaking to the subject in the case of *St. Clair v. Cox,* 106 U. S., *Associate Justice Fields* said: "The State may, therefore, impose as a condition upon which a foreign corporation shall be permitted to do business within her limits, that it shall stipulate that in any litigation

arising out of its transactions in the State, it will accept as sufficient the service of process on its agents or persons specially designated; and the condition would be eminently fit and just. And the condition and stipulation may be implied as well as expressed. If a State permits a foreign corporation to do business within her limits, and at the same time provides that in suits against it for business there done, process shall be served upon its agents, the provision is to be deemed a condition of the permission; and the corporations that subsequently do business in the State are to be deemed to assent to such condition as fully as though they had specially authorized their agents to receive service of the process. Such condition must not, however, encroach upon those principles of natural justice which require notice of a suit to a party before he can be bound by it. It must be reasonable and the service provided for should be only upon such agents as may be properly deemed representatives of the foreign corporation. The decision of this Court in *Lafayette Insurance Co. v. French,* to which we have already referred, sustains these views." And the doctrine so stated is universally recognized and acted on.

Our State statute applicable to and controlling the question presented on this appeal, Revisal 1905, sec. 440, is in terms as follows: "If the action be against a corporation, to the president or other head of the corporation, secretary, cashier, treasurer, director, managing or local agent thereof: *Provided,* that any person receiving or collecting moneys within this State for, or on behalf of, any corporation of this or any other State or government, shall be deemed a local agent for the purpose of this section; but such service can be made in respect to a foregn corporation only when it has property within the State, or the cause of action arose therein, or when the plaintiff resides in the State, or when such service can be made within the State, personally upon the president, treasurer, or secretary thereof."

Construing a statute of similar import it has been held, that the first clause enumerates the persons on whom service of process can be made, to-wit, on the president or other head of the corporation, secretary, treasurer, director, managing or local agent thereof, and in that respect applies to all corporations

both domestic and foreign. Then follows the proviso as to who shall be considered local agents for the purpose of the section and the last clause establishes certain conditions, restrictive in their nature, which are required and necessary to a proper and valid service on foreign corporations. That is, service on the persons designated in the first clause shall only be good as to foreign corporations: (1) When they have property in the State, or (2) when the cause of action arose therein, or (3) when plaintiff resides in the State. And then a fourth method is established: (4) "When service can be made within this State personally on the president, treasurer or secretary thereof."

This construction will be found approved and sustained in *Foster v. Chas. Betcter Lumber Co.,* 5 So. Dakota, page 57, and authoritative decisions here and elsewhere are in accord with the general principles of that well considered case, *Higgs v. Sperry,* 139 N. C., p. 299; *Clinard v. White & Co.,* 129 N. C., p. 251; *Jones v. Insurance Co.,* 88 N. C., p. 499; *M. ReHohorst, Petitioner,* 150 U. S., 653; *Societe Fonciere v. Millikin,* 135 U. S., 304; *Tuchband v. C. & A. R. R. Co.,* 115 N. Y., 437; *Express Co. v. Johnston,* 17 Ohio, 641; *Porter v. R. R.,* 1 Nebraska, p. 14.

In *Jones v. Insurance Co., supra,* it was expressly held that service on a foreign corporation could be made either on a general agent or local agent, and construing the terms of the proviso in the statute to the effect "that any person receiving or collecting moneys within the State for or on behalf of any corporation of this or any other State or government, shall be deemed a local agent for the purpose of this section." It has been further held that this "authority to receive money is not the exclusive test of a local agent upon whom service of process could be made," and that these words of the proviso were not intended to "limit service to such class of agents, but to extend the meaning of the word agent to embrace them." *Copland v. Telegraph Co.,* 136 N. C., p. 12. While there is some apparent conflict of decision in construing these statutes providing for service of process on corporations arising chiefly from the difference in the terms used in the various statutes on the subject, the cases will be found, in general agreement, on the position

that in defining the term agent it is not the descriptive name
employed, but the nature of the business and the extent of the
authority given and exercised which is determinative, and the
word does not properly extend to a subordinate employee with-
out discretion, but must be one regularly employed, having some
charge or measure of control over the business entrusted to him,
or of some feature of it, and of sufficient character and rank as
to afford reasonable assurance that he will communicate to his
company the fact that process has been served upon him.    19
Enc. Pl. and Pr., pp. 665, 676, 677; *Simmons v. Box Co.,*
148 N. C., 344; *Jones v. Ins. Co.,* 88 N. C., *supra; Angerhoefer,
Jr., v. Bradstreet Co.,* 22 Fed., 305; *Hill v. St. Louis Ore and
Steele Co.,* 90 Mo., p. 103.    And by express provision of our
statute as stated, including "Any person receiving or collecting
moneys within this State for or on behalf of any corporation
of this or any other State or government."    Applying the prin-
ciples established by these decisions and on the facts appearing
in the record, we are of opinion that F. H. Cameron was an
agent of defendant corporation, appellee, upon whom process
could be lawfully served; that conditions existed authorizing
service on him as such agent and that service of process upon
said F. H. Cameron, as shown by the sheriff's return, "by read-
ing and leaving a copy with F. H. Cameron, bookkeeper and
acting agent," was a valid service, and said company is thereby
properly in court.

Although the parties were so intent on the question of the
kind of agency required to a proper service that they failed to
state the nature of the action or that the plaintiff resides in the
State, or in express terms that it had property therein, and
although there is evidence to the effect that F. H. Cameron was
styled only a bookkeeper of the defendant company "merely that
and nothing more," it does appear from a perusal of the record,
that at the time this summons was issued and before and after
that time, defendant company was engaged in building a rail-
road bridge across Albemarle Sound in the State at a point
where it is from three to five miles wide, the width suggested
being a physical fact of which the court may take judicial no-
tice; that it was an enterprise of unusual proportions, requiring

an extensive equipment and necessarily involving the employ-
ment of large numbers of hands and the expenditure of large
sums of money; that the agent F. H. Cameron had charge and
control of the money of the company appropriated for the pur-
pose and kept it on deposit in a local bank, the bank entries
showing that this continued in one bank from 5 May, 1909, to
18 March, 1910; that he had the company's pay rolls, and dis-
bursed this money in payment of the hands and other claims
against the company. Thus an affidavit of the sheriff filed at the
instance of defendant and in explanation of a prior affidavit
made by that officer states, "That he, the sheriff, does not know
that F. H. Cameron received money in any way for the com-
pany; that his only information upon the subject is, that said
F. H. Cameron upon one occasion paid to him for the McLean
Contracting Company certain costs that he (the sheriff) held
against said company in an attachment proceeding on behalf of
the Edenton Ice and Cold Storage Company and others amount-
ing to $64, and in addition was informed that the said Cameron
for the said contracting company paid to the plaintiff in that
action the amount of these claims, etc."

This former affidavit was as follows: "That he knows F. H.
Cameron, who was acting as agent for the McLean Contracting
Company, in building a bridge across the Albemarle Sound for
the Norfolk and Southern Railway Company near Edenton;
that he knows the said F. H. Cameron received money and paid
out money for the said McLean Contracting Company."

The affidavit of Charles H. Wood, the cashier of the Citizens
Bank of Edenton, N. C., is as follows: "That he knows F. H.
Cameron, employed by the McLean Contracting Company, in
building a bridge across the Albemarle Sound, near this place
(Edenton, N. C.), for the Norfolk and Southern Railway Com-
pany; that he knows that the said F. H. Cameron deposited
moneys from the McLean Contracting Company, after handling
the pay roll to his credit as agent, and drew on same for payment
of sundry accounts. The pay rolls were not deposited but the
money deposited by F. H. Cameron, agent, was received from
said McLean Contracting Company. According to our books,

153—6

his first deposit, as F. H. Cameron, agent, was 5 May, 1909; his
last deposit was 18 March, 1910."

And while the affidavit of F. H. Cameron, himself, and several
other officers of the company, state that he is only a bookkeeper
and without authority to receive or collect money for the com-
pany, he also states, "That his sole duties are to keep the books
of the company wherever it is engaged in contracting work and
to settle with and pay off its mechanics and laborers."

So far as appears, this agent was the only representative of
the company on the ground having any charge or control of the
financial features of this transaction, and we are of the opinion
as stated that from the facts in evidence it is clear that his au-
thority and occupation went far beyond the duties of an ordinary
bookkeeper, and, if not a managing agent as defined in some of
the decisions, that he came well within the meaning of the term
local agent on whom process could be properly served; and that
at the time of action commenced the company was doing busi-
ness in the State and had property therein.

There is nothing either in *Moore v. Bank,* 92 N. C., p. 590, or
in *Kelly v. Lefaiver,* 144 N. C., p. 4, cases cited and relied on by
defendants, which militates in any way against the disposition
we make of this appeal. In *Moore's case* it was held that an
attorney-at-law who had certain claims to collect for a foreign
corporation was not in the regular employment of the company
so as to become a local agent within the true meaning of our
statute on the service of process. And in *Lefaiver's case, supra,*
the Court, in stating the essential facts, said, "It will be noted
that the person in question was not an agent in the course of the
company's business while it was being operated, nor in closing
out said business, nor in making general disposition of the com-
pany's property after it had ceased to do business. In fact, he
was not an agent of the company at all, nor even an employee in
the ordinary acceptation of the term, but simply a care taker—
acting, as found by the Court, out of friendship and without
salary or any pecuniary recompense," showing that neither de-
cision is applicable to the facts presented here. For the reasons

stated the order of the court below dismissing the action as to appellee company will be set aside, and the cause proceeded with according to law and the course and practice of the Court.

Reversed.