SPARTAN LEASING, INC. v. WILLIAM W. BROWN, JR. AND JAMES M. HOWARD, T/A COASTAL STEEL ERECTORS, A PARTNERSHIP, AND COASTAL STEEL ERECTORS, INC., A CORPORATION

No. 7226SC55

(Filed 24 May 1972)

1. **Appearance § 2— request for extension of time — waiver of jurisdictional defect**

   Prior to the adoption of the new Rules of Civil Procedure, an application for an extension of time for responsive pleading, filed before an objection to personal jurisdiction was made, constituted a waiver of any jurisdictional defect due to irregularity in or lack of service of process. [Former] G.S. 1-134.1.

2. **Appearance § 2; Rules of Civil Procedure § 12— lack of jurisdiction over the person — waiver**

   Under G.S. 1A-1, Rule 12, the right to assert the defense of lack of jurisdiction over the person is now waived only (1) if omitted from the first motion made under Rule 12, or (2) if it is not included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

3. **Appearance § 2— voluntary appearance — jurisdiction over the person**

   While G.S. 1-75.7(1) codifies the long-standing rule that a person making a voluntary appearance is subject to the court's jurisdiction irrespective of whether jurisdiction over his person has been acquired previously in the manner prescribed by law, the statute does not set forth the time in which an objection to personal jurisdiction must be made or how the objection is waived.

4. **Appearance § 2; Rules of Civil Procedure § 12— jurisdiction over the person — waiver — request for extension of time**

   The defense of lack of jurisdiction over the person was not waived by defendants' request under G.S. 1A-1, Rule 6(b) for an enlargement of time in which to "file answer, motion or other pleadings." G.S. 1A-1, Rule 12.

APPEAL by defendants from order of *Friday, Judge,* denying their motion to dismiss this action for lack of jurisdiction over the person, 20 August 1971 Session of Superior Court held in MECKLENBURG County.

Plaintiff is a North Carolina corporation with its principal office and place of business in Mecklenburg County. On 3 March 1971, plaintiff filed this action seeking damages allegedly due under the provisions of an equipment lease with defendants. Summons issued on the same date and copies of summons and complaint were served on defendants on 11 May 1971 by a deputy sheriff of Berkeley County, South Carolina.

At the request of defendants' counsel, the Clerk of Superior Court of Mecklenburg County executed an order on 7 June 1971 enlarging the time "within which the defendants must file answers, motions or other pleadings."

On 12 July 1971 defendants moved to dismiss this action, alleging that they are residents of South Carolina and that no grounds for personal jurisdiction exist. Plaintiff contested the motion contending that: (1) Defendants made a general appearance in requesting and obtaining an enlargement of time in which to file motions or responsive pleadings and thereby waived any objection to jurisdiction over the person, and (2) grounds for jurisdiction over the person exist under G.S. 55-145(a)(1) and G.S. 1-75.4(5)(a) and (c). The motion was denied on the ground defendants waived the right to object by obtaining the enlargement of time.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by Gaston H. Gage for plaintiff appellee.*

*Parker Whedon for defendant appellants.*

GRAHAM, Judge.

The question on appeal is: Did defendants, by obtaining an enlargement of time in which to "file answer, motion or other pleadings," waive their right under G.S. 1A-1, Rule 12, to move to dismiss the action for lack of jurisdiction over the person? We hold that they did not.

[1] Before the adoption of G.S. 1A-1, Rule 1, *et seq.,* objection to jurisdiction over the person could be presented by motion or answer and the making of other motions or the pleading of other defenses simultaneously did not waive the objection. However, the objection was waived if any motion was made or answer filed *before* the objection to personal jurisdiction was presented. G.S. 1-134.1. Consequently, an application for an extension of time for responsive pleading, filed before an objection to personal jurisdiction was made, constituted a waiver of any jurisdictional defect due to irregularity in or lack of service of process. *Youngblood v. Bright,* 243 N.C. 599, 91 S.E. 2d 559.

[2] G.S. 1-134.1 was repealed by Session Laws 1967, c. 954, s. 4, effective 1 January 1970. The manner of presenting the

Leasing, Inc. v. Brown

defense of lack of jurisdiction over the person is now governed by G.S. 1A-1, Rule 12. Provisions of this rule which are pertinent here are as follows:

"(b) *How presented.*—Every defense, in law or fact, to a claim for relief in any pleading, . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defense may at the option of the pleader be made by motion:

\* \* \*

(2) Lack of jurisdiction over the person,

\* \* \*

(g) *Consolidation of defenses in motion.*—A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in section (h) (2) hereof on any of the grounds there stated.

(h) *Waiver or preservation of certain defenses.*—

(1) A defense of lack of jurisdiction over the person . . . is waived (i) if omitted from a motion in the circumstances described in section (g), or (ii) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a necessary party, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."

Under the provisions set out above, the right to assert the defense of lack of jurisdiction over the person is now waived under two circumstances, neither of which are present here. The objection is waived if omitted from the first motion made "under this rule," or if it is not "included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be

made as a matter of course." Defendants' request for an enlargement of time was not a motion made under Rule 12 but was a request permitted by Rule 6(b). Also, no responsive pleading has yet been filed by defendants. Therefore, no waiver to assert the objection has occurred.

While we find no North Carolina decisions on this point, our decision here is consistent with decisions from federal courts interpreting Rule 12 of the Federal Rules of Civil Procedure, which is essentially the same as G.S. 1A-1, Rule 12. *Harrison v. Prather*, 404 F. 2d 267; *Orange Theatre Corp. v. Rayherstz Amusement Corp., infra; Gahagan v. Patterson*, 316 F. Supp. 1099. See also 2A, Moore's Federal Practice, § 12.12, at 2325.

Plaintiff argues that G.S. 1-75.7(1) indicates the General Assembly intended to retain the rule that a general appearance waives an objection to personal jurisdiction. This statute provides:

> *"Personal jurisdiction—grounds for without service of summons.*—A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person:
>
> (1) Who makes a general appearance in an action; or. . . . "

[3]   G.S. 1-75.7(1) codifies the long standing rule that a person making a voluntary appearance is subject to the court's jurisdiction irrespective of whether jurisdiction over his person has been acquired previously in the manner prescribed by law. This statute does not, however, purport to set forth the time in which an objection to personal jurisdiction must be made, or how the objection is waived. The right to raise the objection is waived only by failing to assert it within the time prescribed by Rule 12. Were the right to assert the objection waived in every instance where there was a general appearance, the provisions of Rule 12 permitting the defense to be raised in a motion in which other defenses available under Rule 12 are asserted, or in the responsive pleading if no previous motion under Rule 12 has been made, would be of no effect.

It can be argued that it is inconsistent for a defendant to submit to the jurisdiction of the court by making a general appearance, and at the same time, or thereafter, deny that the

---

court has jurisdiction over his person. However, as stated in the case of *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F. 2d 871, 874, "[t]he rule [Rule 12] requires the court to decide without reference to the voluntary appearance the question of jurisdiction thus raised and, if the question is decided in the defendant's favor, to refrain from further exercising over him the power which his appearance has given it."

[4] While we hold that the court erred in holding that the defense of lack of jurisdiction over the person was waived by defendants' request under Rule 6(b) for an enlargement of time, it does not necessarily follow that the case must be dismissed. Plaintiff strenuously contends that defendants are subject to suit in this State by virtue of their various connections with this State in the manner prescribed by G.S. 55-145(a)(1), and G.S. 1-75.4(5)(a) and (c). Plaintiff has filed interrogatories seeking to establish these contacts and the interrogatories have not yet been answered. The case will be remanded to the Superior Court for a determination as to whether jurisdiction exists on these grounds.

Remanded.

Judges CAMPBELL and BRITT concur.