DAVID LEE SIMMS v. MASON'S STORES, INC., (NC-1)

No. 7329SC59

(Filed 23 May 1973)

1. **Process § 12; Rules of Civil Procedure § 4— insufficiency of service on domestic corporation**

   Where the deputy sheriff for Buncombe County delivered the summons and complaint in this assault action to one Vera Wallin, a security officer who was standing near a cash register in defendant's place of business, whom the deputy had seen as a court witness for defendant, and on whom the deputy had served subpoenas on prior occasions, the attempted service of process upon defendant was void and the trial court did not obtain jurisdiction over the person of the defendant thereby, since Ms. Wallin was not an officer, director or managing agent of defendant's store, nor was she a person apparently in charge in the manager's office, an agent authorized to

accept service by appointment or an agent authorized to accept service by law. G.S. 1A-1, Rule 4(j)(6).

**2. Appearance § 2— jurisdiction over the person — waiver — request for extension of time to answer**

Defendant did not make a general appearance and thus waive its defense of insufficiency of service of process and its objection to the jurisdiction of the court over the defendant's person when it moved for and obtained an enlargement of time in which to file answer or other pleading.

APPEAL from *Fountain, Judge,* 17 July 1972 Session of Superior Court held in TRANSYLVANIA County.

This is a civil action commenced on 29 June 1971 for damages caused by an alleged assault on the plaintiff by the defendant's employee while acting in the course of his employment.

On 11 August 1971, upon defendant's motion therefor, the Clerk of Superior Court of Transylvania County entered an order extending the time to file "answer or otherwise plead" for an additional 30 days. Thereafter, defendant filed answer, denying the material allegations of the plaintiff's complaint, and setting forth as a "First Defense" the following motion:

"1. The defendant pursuant to Rule 12, N.C.R.C.P. moves to dismiss this cause of action or in lieu thereof to quash the return of the purported service of Summons issued, for that any purported service on the defendant is defective and void, and, therefore, the defendant has not been properly served with process in this action and this court has not acquired jurisdiction over the defendant."

The evidence at the hearing on the defendant's motion, consisting of an affidavit and supplemental affidavit of Vera Wallin, the affidavit of Deputy Sheriff Ervin L. Penland, and the testimony of Vera Wallin, tended to show the following facts:

Defendant is a corporation with its place of business in Buncombe County, North Carolina. On 13 July 1971, Ervin L. Penland was employed as a Deputy Sheriff for Buncombe County, and at about 8:30 p.m. on that date and in the course of his duties, Deputy Penland undertook to serve the summons and complaint in this action on the corporate defendant at its place of business in Buncombe County.

Deputy Penland's affidavit tends to show that as he entered the defendant's place of business, he saw Vera Wallin standing near a check-out counter near the entrance to the store, and, thinking that Vera Wallin was an employee of defendant, Deputy Penland approached her and inquired "if the manager was in the store." Vera Wallin said that neither manager was in the store. Penland then asked Ms. Wallin "if I could leave the summons and complaint . . . with her and if she would deliver the summons and complaint to the manager . . . She said that she would." Penland's affidavit also tended to show that he had "assumed, as a result of her appearing in court on behalf of Mason's Stores, Inc., and as a result of seeing her in the store on several occasions, that Vera Wallin was an employee of Mason's Stores, Inc."

Vera Wallin's affidavits and testimony tend to show that on 13 July 1971, she was employed by Link Security, Inc., a corporation located in Danville, Virginia, as a security officer, and that on 13 July 1971, Ms. Wallin was assigned to the corporate defendant's store for the purpose of preventing shoplifting on the premises. In her capacity as security officer, Ms. Wallin was not under the supervision or control of any officer or employee of Mason's Stores, Inc., and was not authorized by appointment or by law to accept service of process on behalf of Mason's Stores, Inc.

Mason's Stores, Inc., had an office area located approximately 100 feet from the cash register area where Ms. Wallin was located on 13 July 1971. On that date one of the two store managers was on duty in the store. Deputy Penland approached Ms. Wallin and handed her a summons and complaint in another action. Then Deputy Penland stated, "I might as well give these to you also," and delivered to Ms. Wallin a copy of the summons and complaint in this action. During this time Deputy Penland made no inquiry concerning the whereabouts of the store manager or any other person in charge of the store office. On the next day, Ms. Wallin handed the summons and complaint to the corporate defendant's store manager.

Upon the evidence presented, the court made findings of fact that:

"On July 13, 1971, . . . Vera Wallin was not an officer, director or managing agent of defendant Mason's Stores,

Inc. (NC-1), and she was not a person who was apparently in charge of any such office.

Copy of the summons and complaint were not delivered to an officer, director or managing agent of defendant, nor was copy thereof left in the office of such officer, director or managing agent of defendant with a person who was apparently in charge of the office."

The trial judge concluded that the service of process was fatally defective and void and that no jurisdiction over the person of the defendant had been acquired. Judgment was entered, dismissing the action against the defendant. Plaintiff appealed, assigning error.

*Morris, Golding, Blue and Phillips, by James W. Williams, for plaintiff appellant.*

*Uzzell and DuMont, by J. William Russell, for defendant appellee.*

MORRIS, Judge.

Plaintiff's assignments of error raise the following questions on appeal: (1) Whether the service of process upon defendant was ineffective and void; and (2) whether the defendant waived any objection to the jurisdiction of the court over it by obtaining an enlargement of time in which to file "answer or otherwise plead?"

[1]   We turn first to the question dealing with the service of process. G.S. 1A-1, Rule 4(j)(6) provides:

"(j) *Process—manner of service to exercise personal jurisdiction.*—In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process shall be as follows:

(6) Domestic or Foreign Corporation.—Upon a domestic or foreign corporation:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing

agent with the person who is apparently in charge of the office; or

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service or process or by serving process upon such agent or the party in a manner specified by any statute."

In order to obtain jurisdiction over a domestic corporation, Rule 4(j)(6) specifies that a copy of the summons and complaint may be served (1) upon an officer, director or managing agent of the corporation; (2) by leaving copies of the summons and complaint *in the office* of an officer, director or managing agent *with the person who is apparently in charge of the office;* (3) by delivering the summons and complaint to an agent authorized to accept service by appointment; (4) by delivering the summons and complaint to an agent authorized to accept service by law; or (5) by delivery of the summons and complaint upon an agent authorized to accept service by appointment or by law in the manner provided by any other effective statute.

Upon the facts before us, it is readily apparent that service was not made upon an officer, director, or managing agent of Mason's Stores, Inc. (NC-1). Nor was service effected by leaving process in the manager's office with a person who was apparently in charge of the office. The evidence indicates that Deputy Penland never looked in the office of the manager; rather, he delivered the process to Vera Wallin as she stood by the front of the store near a cash register. Judge Fountain found upon conflicting evidence that Deputy Penland served Vera Wallin with process in an unrelated lawsuit, then delivered the process in this action to her, saying "I might as well give these to you also." At best, the plaintiff's evidence shows that Deputy Penland asked if the manager of the store was present, and finding that he wasn't, Deputy Penland delivered the process to Vera Wallin having no knowledge of her authority to accept service, and failing to inquire as to her authority.

Nor was service effected by delivering the process to an agent authorized to accept service by appointment. This provision of Rule 4(j)(6) contemplates service on agents either expressly or impliedly appointed by the corporation as agents

to receive process. Wright and Miller, Federal Practice and Procedure: Civil, § 1101.

"... The agency for the receipt of process may be implied from the surrounding circumstances. But the mere appointment of an agent, even with broad authority, is not enough; it must be shown that the agent had specific authority, express or implied, for the receipt of service of process." 2 Moore's Federal Practice ¶ 4.22[1], p. 1116.

The evidence produced by the plaintiff was inadequate to show any implied authority on the part of Vera Wallin to accept service of process. Deputy Penland's affidavit recited, in pertinent part, that:

"... It has been my duty on several occasions to serve subpoenas on her (Vera Wallin) with regard to shoplifting cases in which Mason's Stores, Inc., was involved. . . . I assumed, as a result of her appearing in court on behalf of Mason's Stores, Inc., and as a result of seeing her in the store on several occasions, that Vera Wallin was an employee of Mason's Stores, Inc. . . . "

At most, the above recitals show that Deputy Penland had served subpoenas on Vera Wallin on prior occasions, that Vera Wallin had appeared as a witness in court on behalf of Mason's Stores, Inc., and that Penland assumed Vera Wallin was employed at Mason's Stores, Inc. This evidence fails to meet the plaintiff's burden of showing the required specific agency to accept service of process.

Nor was service effected by delivering the process to an agent authorized to accept service by law. The phrase "an agent authorized . . . by law to be served" includes within its scope state statutes vesting authority in certain persons to receive process, agencies implied in law, and agencies by estoppel. 2 Moore's Federal Practice ¶ 4.22[1], p. 1118. We hold that plaintiff's evidence was insufficient to carry the burden of showing any statutory agency, agency implied in law, or by estoppel.

Since there is no other effective statute providing an alternative method for service of process on Mason's Stores, Inc., we conclude that the attempted service of process upon the corporate defendant was ineffective and void, and that no

jurisdiction over .the person of the defendant was· obtained thereby.

[2]　Plaintiff next contends that the defendant waived its defense of insufficiency of service of process and its objection to the jurisdiction of the court over the defendant's person by making a general appearance in the action when defendant obtained an enlargement of time in which to file answer or other pleading. However, "[s]pecial appearances are· no longer necessary in any case. 'Rule 12 has abolished . . . the age old distinction between general and special appearances.' A voluntary appearance does not waive the objection of lack ·of· jurisdiction over the person. . . . " 2A Moore's Federal Practice ¶ 12.12, p. 2324. The plaintiff's argument has been answered adversely to him in two prior decisions of this Court, and we hold that the plaintiff's contention is not well taken. See *Williams v. Hartis,* 18 N.C. App. 89, 195 S.E. 2d 806 (1973); *Leasing, Inc. v. Brown,* 14 N.C. App. 383, 188 S.E. 2d 574 (1972).

The judgment of the trial judge, dismissing the cause for want of jurisdiction over the person of the defendant, is affirmed.

Affirmed.

Judges BRITT and PARKER concur.