SPARTAN LEASING, INC. v. WILLIAM W. BROWN, JR., AND JAMES M. HOWARD, t/a COASTAL STEEL ERECTORS, A PARTNERSHIP, AND COASTAL STEEL ERECTORS, INC., A CORPORATION

No. 7326SC424

(Filed 29 August 1973)

1. Process § 9— service on nonresidents — insufficient minimum contacts with this State

Defendants did not have sufficient contacts with North Carolina to subject them to suit within this State for rental payments alleged to be due under a lease of construction equipment from a North Carolina corporation where the equipment lease between plaintiff and the individual defendants was entered in South Carolina before the corporate defendant was organized, the equipment was shipped by the

manufacturer directly from Iowa to South Carolina and was used exclusively in South Carolina, the initial rental payment was made by the individual defendants in South Carolina and the corporate defendant thereafter mailed three rental payments from South Carolina to North Carolina, and neither the individual nor the corporate defendants have ever engaged in any kind of business activity in North Carolina. G.S. 55-145(a)(1); G.S. 1-75.4(5)(a) and (c).

2. **Process § 9— service on nonresidents — necessity for connection with forum state**

Substituted service upon nonresidents violates the due process clause of the Fourteenth Amendment of the U. S. Constitution unless the contract upon which it is based has a substantial connection with the forum state.

APPEAL by plaintiff from *Snepp, Judge,* 2 January 1973 "C" Civil Session of Superior Court held in MECKLENBURG County.

Plaintiff, Spartan Leasing, Inc. (Spartan), is a North Carolina corporation. The individual defendants, William W. Brown, Jr. and James M. Howard, are residents of Berkeley County, South Carolina, and prior to 30 June 1970 were doing business as a partnership under the firm name of Coastal Steel Erectors. Coastal Steel Erectors, Inc. (Coastal), is a South Carolina corporation organized on or after 30 June 1970.

Plaintiff instituted this action on 3 March 1971 to recover from defendants rental payments alleged to be due under a lease for the use of construction equipment. Copies of the summons and complaint were served upon defendants on 11 May 1971 in South Carolina by a deputy sheriff of Berkeley County, South Carolina.

Defendants moved to dismiss the action for lack of jurisdiction of the person and for insufficiency of process.

Both parties filed affidavits and the defendants answered interrogatories propounded by plaintiff. Pertinent facts contained in these affidavits and answers to interrogatories will be referred to in the opinion.

The court below made findings of fact and granted the motion to dismiss for lack of jurisdiction.

Plaintiff appeals.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by Gaston H. Gage, for plaintiff appellant.*

*Parker Whedon for defendant appellee.*

BALEY, Judge.

**[1]** This is the second appeal in this case. In *Leasing, Inc. v. Brown*, 14 N.C. App. 383, 188 S.E. 2d 574, it was held that the defendant had not waived the defense of lack of jurisdiction over the person by requesting an enlargement of time under Rule 6(b). The cause was remanded to determine if the facts when fully discovered would show sufficient contacts in North Carolina by the defendants to confer jurisdiction upon the courts of this State. That is the sole question here presented.

The facts found by the trial court reveal that the equipment lease between plaintiff and the individual defendants was entered on 8 June 1970 in Moncks Corner, South Carolina, before the corporate defendant was organized. The truck-crane described in the lease was shipped by the manufacturer directly from Cedar Rapids, Iowa, to Charleston, South Carolina, and used exclusively in the state of South Carolina. The initial rental payment under the lease was made by the individual defendants in South Carolina and thereafter the corporate defendant forwarded three rental payments by mail from South Carolina to the plaintiff in North Carolina. None of the defendants, individual or corporate, had ever engaged in any kind of business activity in North Carolina.

**[2]** Upon these findings of fact which were supported by affidavits and evidence of record, the court concluded as a matter of law that the defendants were not subject to the *in personam* jurisdiction of the courts of this State and dismissed the action. We approve and affirm his judgment of dismissal. Substituted service upon nonresidents violates the due process clause of the Fourteenth Amendment of the Constitution of the United States unless the contract upon which it is based has a substantial connection with the forum state. We hold that the defendants do not have sufficient connection with North Carolina in the manner prescribed by G.S. 55-145(a)(1) and G.S. 1-75.4(5)(a) and (c) to subject them to suit within this State.

"It has been consistently held, since the landmark case of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, that ' "due process requires only that in order to subject a defendant to judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit

does not offend 'the traditional notions of fair play and substantial justice.' " ' *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.C. 199, 2 L.Ed. 2d 223; see *Byham v. House Corp., supra* [265 N.C. 50, 143 S.E. 2d 225], and cases therein cited." *Koppers Co., Inc. v. Chemical Corp.,* 9 N.C. App. 118, 127, 175 S.E. 2d 761, 768.

"Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure." *International Shoe Co. v. Washington, supra* at 319, 66 S.Ct. at 160, 90 L.Ed. 2d at 104.

There is no precise or mechanical formula which may be employed to determine whether certain activities constitute "minimum contacts" sufficient to confer jurisdiction upon the courts of the forum state. Each case must be considered on its own merits. *Byham v. House Corp., supra; Farmer v. Ferris,* 260 N.C. 619, 133 S.E. 2d 492.

As far as the record in this case indicates neither the individual defendants nor the officers of Coastal have ever been in North Carolina. They have never conducted or engaged in any business activity in this State which would entitle them to invoke the benefits and protection of its laws. The individual defendants have done nothing but enter an agreement at their own residence in South Carolina with an authorized representative of Spartan for the use of equipment at a construction site in South Carolina for a stated rental. Defendants were paying for the use of the equipment, not its purchase, and the use was to occur and did occur entirely in South Carolina. The first rental payment was made in hand in South Carolina and the other three rental payments were mailed from South Carolina to North Carolina. The payment was for services performed or to be performed in South Carolina and did not concern the delivery of goods or things of value within or shipped from North Carolina. The defendants have had no connection or contact with North Carolina unless the deposit of rental payments in the mail in South Carolina directed to the plaintiff in North Carolina be held to constitute such contact. The fact that plaintiff has secured North Carolina license plates and registered the equipment in North Carolina and has delivered items in South Carolina which were used in connection with it cannot be considered acts of the defendants which would invoke any North Carolina jurisdiction or constitute any contact with this State.

In our view plaintiff has not shown that the defendants have had the necessary minimum contact in North Carolina which would be required to enable this State to acquire jurisdiction. To hold otherwise would do violence to the fundamental elements of due process and fair play.

The judgment of the court below which dismissed this action for lack of jurisdiction is affirmed.

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.