CAROLINA PAPER COMPANY, INC., PLAINTIFF v. EVERETT B. BOUCHELLE, T/A BOUCHELLE ENTERPRISES, DEFENDANT

— AND —

W. P. CHERRY & SON, INC., GARNISHEE

No. 7326DC687

(Filed 14 November 1973)

1. **Process § 1— service upon one authorized by appointment or law**
   Service of process upon one not authorized by appointment or by law to be served or to accept service of process results in a lack of jurisdiction over the party attempted to be served.

2. **Garnishment § 1; Process § 12— service on purchasing agent of garnishee — sufficiency**
   Though the garnishee's purchasing agent did not, by nomenclature, fit into any of the categories of G.S. 1-440.25 or G.S. 1-440.26(a) dictating to whom garnishment process may be delivered, he could be termed a "managing agent" and thus be amenable to service of process when certain facts were taken into consideration, among them his age, his business experience, his full-time employment status, his past experience with garnishment papers and proceedings, the confidence which was expressed in his abilities by designating him purchasing agent, and the responsibility lodged with him by leaving him in charge of the office on the day of delivery of the suit papers.

APPEAL by defendant from *Abernathy, Judge,* 2 April 1973 Session of District Court held in MECKLENBURG County.

This is an action on open account against the defendant Everett Bouchelle for merchandise sold and delivered to a construction project in Statesville, North Carolina. The action was instituted in October 1970 and supplemental attachment and garnishment proceedings against W. P. Cherry and Son, Inc. (garnishee) followed shortly thereafter.

Copies of the order of attachment, summons and notice of levy were personally delivered by Deputy Sheriff Morris to the offices of the garnishee and they were received by W. F. Lyon, full-time employee, who received these papers in his capacity as a purchasing agent for the garnishee. Lyon acknowledged receipt of these papers by his signature and designation upon the Sheriff's return filed of record in this action.

Trial was held upon the merits of the plaintiff's action against the defendant Bouchelle and judgment was entered against Bouchelle in April of 1972 in the sum of $10,404.87 with interest thereon.

During the period between October 1970 (date of service) and April 1972 (date of judgment against defendant Bouchelle), the garnishee did not respond to the summons served upon it by filing a verified answer. Upon application of the plaintiff, a Conditional Judgment was entered against the garnishee by the Clerk of the Superior Court for Mecklenburg County. This Conditional Judgment contained a provision granting the plaintiff a Conditional Judgment against the garnishee in the sum of $10,404.87 with interest thereon, and contained a notice requiring the garnishee to appear before the Clerk of the Superior Court to show cause, if any there be, as to why the Conditional Judgment should not be made final. A copy of the Conditional Judgment and Notice was duly served upon the garnishee; and at no time did the garnishee file an answer either to the summons served upon it in October 1970 or to the Conditional Judgment and Notice served upon it in April of 1972.

A final judgment was entered by the Clerk of Superior Court for Mecklenburg County against the garnishee in May 1972. In December 1972 defendant-garnishee made a motion to strike the conditional and final judgments entered in this matter under the provisions of G.S. 1A-1, Rule 60(b)(4), Rules of Civil Procedure. Upon denial of this motion, with prejudice, the garnishee appealed.

*Harkey, Faggart, Coira & Fletcher by Francis M. Fletcher, Jr., and Philip D. Lambeth for plaintiff appellee.*

*John E. McDonald, Jr., and Thomas C. Ruff for movant-garnishee, W. P. Cherry & Son, Inc.*

HEDRICK, Judge.

[1]   The prime inquiry to be made is whether W. F. Lyon, purchasing agent of W. P. Cherry, Inc., was a proper person to receive service of process. Service of process upon one not authorized by appointment or by law to be served or to accept service of process results in a lack of jurisdiction over the party attempted to be served. *Board of Health v. Brown*, 271 N.C. 401, 156 S.E. 2d 708 (1967). Applying this last-mentioned principle to the facts of the case now before us, we determine that unless service of process upon W. F. Lyon was proper in the first instance, the further proceedings against the garnishee, to wit: the conditional and final judgments, would be of no legal consequence.

[2]   G.S. 1-440.25 and 1-440.26 (a) dictate to whom garnishment process may be delivered. Proper process agents under these statutes include: (1) those specifically authorized by the garnishee or those expressly or impliedly authorized by law; (2) "When the garnishee is a domestic corporation . . . the president or other head, secretary, cashier, treasurer, director, managing agent, or local agent of the corporation." The appellant is correct in asserting that the title of purchasing agent is not specifically enumerated in G.S. 1-440.25 and 26 (a) ; however, this does not preclude the classification of Mr. Lyon within one of the listed categories. A similar circumstance existed in *Whitehurst v. Kerr*, 153 N.C. 76, 68 S.E. 913 (1910) when process papers were left with the defendant's bookkeeper and acting agent. In Whitehurst, although the defendant's employee was not embraced by the statute controlling who could receive process, the court determined the employee, because of the attendant facts, could be classified as a "local agent" and thus be amenable to service of process. The court poignantly stated:

> "[T]he cases will be found in general agreement on the position that in defining the term agent it is not the descriptive name employed, but the nature of the business and the extent of the authority given and exercised which is determinative, and the word does not properly extend to a subordinate employee without discretion, but must be one regularly employed, having some charge or measure of control over the business entrusted to him, or some feature of it, and of sufficient character and rank as to afford reasonable assurance that he will communicate to his company the fact that process has been served upon him."
> (citations omitted). *Whitehurst v. Kerr, supra,* pages 79-80.

In a similar vein, W. F. Lyon (the purchasing agent) does not conveniently fit, at least by nomenclature, into the listed categories of G.S. 1-440.26(a); but a careful analysis of his background and responsibilities manifests sufficient reason why he should, under the facts of this case, be termed a "managing agent." These facts include: his age (38); his business experience (15 years); his full-time employment status; his past experience with garnishment papers and proceedings; the confidence which was expressed in his abilities by designating him the purchasing agent of W. P. Cherry and Son, Inc.; the fact that on the day of delivery of the suit papers W. P. Cherry, Jr., the President of the company, and Clifford Ambrose, the company's accountant, were out of the office and that Lyon was "next in command" and "of sufficient character and rank as to afford reasonable assurance that he [would] communicate to his company the fact that service of process had been served upon him." *Whitehurst v. Kerr, supra.*

Furthermore, it is of no import that Lyon was not expressly designated to be an agent for service of process and thus must be termed an implied agent. While there have been to our knowledge no cases under G.S. 1-440.25 dealing with service of process upon an implied agent, an analogy can be made to G.S. 1A-1, Rule 4(J)(6)(a), Rules of Civil Procedure, and a recent case which considered the question of whether there was implied authority to receive process. In *Simms v. Stores, Inc.,* 18 N.C. App. 188, 196 S.E. 2d 545 (1973), the following passage from 2 Moore's Federal Practice, ¶ 4.22 [1], p. 1116, was quoted with approval:

" . . . The agency for receipt of process may be implied from the surrounding circumstances. But the mere appointment of an agent with broad authority is not enough; it must be shown that the agent had specific authority, express or implied, for the receipt of service of process."

We determine that the surrounding circumstances presented in the instant case are sufficient to imply that Lyon was an agent for the service of process.

The motion to strike the conditional and final judgments was properly denied and the decision below is

Affirmed.

Chief Judge BROCK and Judge BRITT concur.